**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

(To be supplied by the court)

_Shannon Perry_____, Plaintiff

v.

**Jury Trial requested:**
(please check one)
___ Yes  _✓_ No

_Encore At Blvd One LLC_____,

_1020 NE Loop 410 ste 700_____,

_San Antonio Texas 78209_____,

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

**COMPLAINT**

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Shannon Perry 7108 E. Lowry Blvd Apt/Unit 1183 Den Co. 80230
(Name and complete mailing address)

720-219-7325
(Telephone number and e-mail address)

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   Encore At Blvd One LLC. 36 S. Ave 14th, suite D Brighton Co. 80601
(Name and complete mailing address)

303-340-8888
(Telephone number and e-mail address if known)

Defendant 2:   Encore At Blvd One LLC.
(Name and complete mailing address)

7600 Broadway Ste 300 San Antonio Tx 78209
(Telephone number and e-mail address if known)

Defendant 3:   Ricci Donati
(Name and complete mailing address)

7108 E. Lowry Blvd. Den Co. 80230
(Telephone number and e-mail address if known)

Defendant 4:   Jessica Brandle
(Name and complete mailing address)

7108. E. Lowry Blvd Den Co. 80230
(Telephone number and e-mail address if known)

2

**C.   JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

X̲   Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

18 USC 1001 - (1) falsified, concealed, covered up by trick, scheme to present material fact

____   Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3

**D.   STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Disabled Tenant denied mediation due to trick and scheme

Supporting facts: Shannon Perry supplied verbally, email, through ERAP, and other means of communication State Determined Disability Proof, while telling Social Security Administrative Law Hearings. A agent of leasing, Jessica Brandle, Testified to not recieved this information in any form. A falsified dacument was filed against Tenant in an eviction : see Attachment.

On 7/5/2023 Plaintiff Provided All assistance and Proof to Ricci Donati.

On 7/5/2023 A mediation Advisement was notified to Tenant.

On 7/17/2023 A falsified document was signed by Jessica that moved disabled tenant into Eviction.

- Executive Order 13217 June 18 2001 requires federal agency to evaluate Policies and Programs — to determine if any can be revised or modified to improve the availability of community based living arrangements for persons with disabilities.
- 24 CFR Part 100
- 24 CFR 5.105, 5.106
- 24 CFR Part 103
- Non discrimination & Equal opportunity in Housing Under Exe Order 11063. 24 CFR 107
- 13-401-06(2) Lacks Broader Definition of "Assistance" to inclued and not limit Assistance program to Colorado Works and Exclude the Colorado AND-SO or AND program.
38-12-503 (1)(2)(A)(11).

D. Statement of Claim

          1.  29 U.S.C. § 794d

        iv.  Section 508 requires federal agencies to ensure that the electronic and information technology they develop, procure, or use allows individuals with disabilities to have ready access to and use of the information and data that is comparable to that of individuals without disabilities.

e.  Title II of the Americans with Disabilities Act of 1990

      i.  42 U.S.C. §§ 12131 – 12165

f.  Title II of the ADA prohibits discrimination based on disability in programs and activities provided or made available by public entities. HUD enforces Title II with respect to housing-related programs and activities of public entities, including public housing, housing assistance and housing referrals.

g.  Title III of the Americans with Disabilities Act of 1990

      i.  42 U.S.C. § 12181 – 12189

h.  Title III of the ADA prohibits discrimination based on disability in the goods, services, facilities, privileges, advantages, and accommodations of places of public accommodations owned, leased, or operated by private entities. The Department of Justice enforces Title III of the ADA, but certain HUD recipients and private entities operating housing and community development programs are covered by Title III of the ADA.

i.  Architectural Barriers Act of 1968

      i.  42 U.S.C. § 4151 et seq.

      ii.  The Architectural Barriers Act requires that buildings and facilities designed, constructed, altered, or leased with certain federal funds after September 1969 must be accessible to and useable by persons with disabilities.

j.  Section 109 of Title I of the Housing and Community Development Act of 1974

      i.  42 U.S.C. § 5309

k.  Section 109 prohibits discrimination on the basis of race, color, national origin, sex (including gender identity and sexual orientation), and religion in any program or activity funded in whole or in part under Title I of the Community Development Act of 1974, which includes

      i.  Community Development Block Grants.

l.  Title IX of the Education Amendments Act of 1972

      i.  20 U.S.C. §§ 1681-83, 1685-88

m. Title IX prohibits discrimination on the basis of sex (including gender identity and sexual orientation) in any education programs and activities that receive federal financial assistance. HUD enforces Title IX when it relates to housing affiliated with an educational institution.

n.  Violence Against Women Act

      i.  42 U.S.C. § 14043e–11

D. STATEMENT OF CLAIM 1-12

PAGES OF DOCUMENT TOTAL: ~~103~~ 6 Page Document
PRODUCTION OF EVIDENTIARY DOCUMENTATION: Material

1. MAY 2022 LEASE FOR SHANNON PERRY TENANT AND LANDLORD ENCORE AT BLVD ONE LLC
2. APRIL 2023 LEASE FOR SHANNON PERRY TENANT AND LANDLORD ENCORE AT BLVD ONE LLC
3. STATEMENT OF FOREIGN ENTITY AUTHORITY CERTIFICATE
4. ACTION REVIEW GROUP DISABILITY DETERMINATION LETTER DATED 5.19.2023
5. ERAP EMERGENCY RENTAL ASSISTANCE LETTER OF APPROVAL
6. EMBREY LEDGER
7. CONSERVICE RESIDENTIAL UTILITY AND RENT LEDGER
8. EMAIL (S) BETWEEN SHANNON PERRY &
   a. AT EL RICCI DONATI ENCORE EMPLOYEE
   b. AT EL JESSICA BRANDLE ENCORE EMPLOYEE
   c. AT EL KENYATTA DAVIS CDHS/DHS EMPLOYEE
   d. NICOLE MULLER CDHS/DHS EMPLOYEE
   e. EMMA A RESIDENT RELIEF FOUNDATIONS FOUNDER
9. CASE DISMISSED WITH PREJUDICE RULING COPY 23C59137
10. MEDICAID LIFE ALERT MAIL, AND NOTICE
11. ROCKY MOUNTAIN HUMAN SERVICES TRAUMATIC BRAIN INJURY WAIVER
12. PROOF OF ASSISTANCE(S) – Adult Needy Disabled – SNAP – Medicaid

SUPPORTING
1. STATUTES:
   a. Fair Housing Act
      i. 42 U.S.C. §§ 3601-19
   b. Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), as amended, prohibits discrimination in the sale, rental, and financing of dwellings, and in other housing-related transactions, because of race, color, religion, sex (including gender identity and sexual orientation), familial status, national origin, and disability. It also requires that all federal programs relating to housing and urban development be administered in a manner that affirmatively furthers fair housing.
   c. Title VI of the Civil Rights Act of 1964
      i. 42 U.S.C. § 2000d-1
   d. Title VI prohibits discrimination on the basis of race, color, and national origin in programs and activities receiving federal financial assistance.
      i. Section 504 of the Rehabilitation Act of 1973
         1. 29 U.S.C. § 794
      ii. Section 504 prohibits discrimination based on disability in any program or activity receiving federal financial assistance.
      iii. Section 508 of the Rehabilitation Act of 1973

1

o. VAWA provide housing protections for victims of domestic violence, dating violence, sexual assault, and stalking in many of HUD's housing programs. VAWA also requires the establishment of emergency transfer plans for facilitating the emergency relocation of certain tenants who are victims of domestic violence, dating violence, sexual assault, or stalking.

p. Age Discrimination Act

   i. 42 U.S.C. §§ 6101 – 6107

q. The Age Discrimination Act of 1975 prohibits discrimination on the basis of age in programs and activities receiving federal financial assistance.

r.

2. Executive Orders

a. Executive Order 11063

   i. Equal Opportunity in Housing

b. Executive Order 11063, issued on November 20, 1962,

   i. prohibits discrimination in the sale, leasing, rental, or other disposition of properties and facilities owned or operated by the federal government or provided with federal funds.

c. Executive Order 12892

   i. Leadership and Coordination of Fair Housing in Federal Programs: Affirmatively Furthering Fair Housing

d. Executive Order 12892,

   i. issued on January 17, 1994, requires federal agencies to affirmatively further fair housing in their programs and activities, and provides that the Secretary of HUD will be responsible for coordinating the effort.

e. Executive Order 12898

   i. Federal Actions to Address Environmental Justice in Minority Populations and Low-Income Populations

f. Executive Order 12898,

   i. issued on February 11, 1994, requires that each federal agency conduct its program, policies, and activities that substantially affect human health or the environment in a manner that does not exclude or otherwise subject persons to discrimination based on race, color, or national origin.

g. Executive Order 13166

   i. Improving Access to Services for Persons with Limited English Proficiency

h. Executive Order 13166, issued on August 11, 2000,

   i. requires each federal agency to take steps to ensure that eligible persons with limited English proficiency are provided meaningful access to all federally-assisted and federally-conducted programs and activities.

i. Executive Order 13217

   i. Community Based Alternatives for Individuals with Disabilities

    j. Executive Order 13217, issued on June 18, 2001,
        i. requires federal agencies to evaluate their policies and programs to determine if any can be revised or modified to improve the availability of community-based living arrangements for persons with disabilities.
    k. Executive Order 13988
        i. Preventing and Combating Discrimination on the Basis of Gender Identity or Sexual Orientation
    l. Executive Order 13988, issued on January 20, 2021,
        i. requires HUD to administer and fully enforce the Fair Housing Act to prohibit discrimination because of sexual orientation and gender identity.

3. Regulations
    a. Accessibility Standards for Design, Construction, and Alteration of Publicly Owned Residential Structures
        i. 24 C.F.R. part 40
    b. Affirmative Fair Housing Marketing
        i. 24 C.F.R. part 108
        ii. 24 C.F.R. part 110
        iii. 24 C.F.R. part 200, subpart M
        iv. 24 C.F.R. § 203.12(b)(3)
    c. Affirmatively Furthering Fair Housing
        i. 24 C.F.R. §§ 5.150 – 5.168
    d. Certification and Funding of State and Local Fair Housing Enforcement Agencies
        i. 24 C.F.R. part 115
    e. Collection of Data
        i. 24 C.F.R. part 121
    f. Discriminatory Conduct Under the Fair Housing Act
        i. 24 C.F.R. part 100
    g. Equal Access Rule
        i. 24 C.F.R. § 5.105
        ii. 24 C.F.R. § 5.106
    h. Fair Housing Act Complaint Processing
        i. 24 C.F.R. part 103
    i. Fair Housing Poster
        i. 24 C.F.R. part 110
    j. Fair Housing Initiatives Program
        i. 24 C.F.R. part 125
    k. Information and Communication Technology Standards and Guidelines
        i. 36 C.F.R. part 1194
    l. Nondiscrimination and Equal Opportunity in Housing Under Executive Order 11063

   i.  24 C.F.R. part 107
m.  Nondiscrimination Based on Handicap in Federally-Assisted Programs and
    Activities of the Department of Housing and Urban Development
       i.  24 C.F.R. part 8
n.  Nondiscrimination in Federally-Assisted Programs of the Department of Housing
    and Urban Development – Effectuation of Title VI of the Civil Rights Act of 1964
       i.  24 C.F.R. part 1
o.  Nondiscrimination in Programs and Activities Receiving Assistance under Title I
    of the Housing and Community Development Act of 1974
       i.  24 C.F.R. part 6
p.  Nondiscrimination on the Basis of Age in HUD Programs or Activities Receiving
    Federal Financial Assistance
       i.  24 C.F.R. part 146
q.  Nondiscrimination on the Basis of Disability in State and Local Government
    Services
       i.  28 C.F.R. part 35
r.  Nondiscrimination on the Basis of Sex in Education Programs or Activities
    Receiving Federal Financial Assistance
       i.  24 C.F.R. part 3
s.  Protection for Victims of Domestic Violence, Dating Violence, Sexual Assault, or
    Stalking
       i.  24 C.F.R. §§ 5.2001 – 5.2011
t.  C.R.S. 38-12-501
u.  C.R.S. 38-12-501(1)(2)(a)(b)(c)
v.  C.R.S. 38-12-502(1)(2)(3)(4)(5)(6)(7)(8)(9)(10)
w.  C.R.S. 38-12-503 WARRANTY OF HABITABILITY -NOTICE-LANDLORD OBLIGATION
x.  C.R.S. 38-12-503(1)(2)(A)(II)
y.  C.R.S. 38-12-503(b)
z.  C.R.S. 38-12-503(2.3)
aa. C.R.S. 13-401-06(2) LACKS THE BROADER DEFINITIONS OF "ASSISTANCE" TO
    INCLUDE AND NOT LIMIT TO COLORADO WORKS –
bb. C.R.S. 13-40-110 DEMAND FOR POSESSION
cc. C.R.S. 38-12-507(d)
dd. C.R.S. 13-40-104
ee. 941. 18 U.S.C. 1343 ELEMENTS OF WIRE FRAUD
ff.  901. SCOPE OF THE GENERAL STATUTES PROHIBITING FRAUD AGAINST THE
     GOVERNMENT 18 U.S.C 287 (FALSE CLAIMS), 371 (CONSPIRACY), 1001 (FALSE
     STATEMENTS),1341(MAIL FRAUD), AND 1343(WIRE FRAUD).

gg. 902. 1996 Amendments to 18 U.S.C. 1001 (a)(b)(c)(1)

hh. 904. Purpose of Statute – prohibit deceptive practices aimed at frustrating or impeding the legitimate functions of government departments or agencies - CDHS/DHS

ii. 18 U.S.C. 371

    i. UNITED STATES V. VINCENT 648 F.2ND 1046 5TH CIRCUIT 1981

    ii. UNITED STATES V. CELLA 568 F. 2ND 1266 9TH CIRCUIT 1978

jj. THE 1988 PROCUREMENT INTEGRITY ACT 41 U.S.C. 423 41 U.S.C. 7 -423

kk. 13-81-101-13-81-107

4. RULES:

    a. COLO. R. CIV. P. 12

    b. COLO R. CIV. P 13

    c. COLO R. CIV. P 12 (B)(3)

    d. COLO R. CIV. P 307

    e. COLO R CIV. P 308(a)(b)

    f. COLO R CIV. P 309(a)(b)(c)

    g. COLO R CIV. P 310

    h. COLO R. CIV. P 10(c )

5. DEFINITIONS:

    a. C.R.S. 13-81-101(3) LEGAL DEFINITION OF DISABILITY, PERSON UNDER DISABILITY , MEANS ANY PERSON WHO IS A MINOR UNDER 18, A MENTAL INCOMPETENT, OR APERSON UNDER OTHER LEGAL DISABILITY



**COLORADO**
Department of Health Care
Policy & Financing
PO Box 30 Denver, CO 80201

*D. Statement of Claim*

# Response to Requested Benefits

**08/07/2023**

00108
**PERRY, SHANNON L**
**7108 E LOWRY BLVD**
**1183**
**DENVER, CO  80230-7016**

Your provider sent a request for **BI Brain Injury** services. This request has been approved.

> You must be eligible for the Colorado Medical Assistance Program at the time you receive the benefits.

If you have questions regarding the approved services, please contact your provider.

If you are enrolled in a Managed Care Organization (MCO) please contact that MCO before you receive these services.  If you are unclear if you are enrolled in a MCO, please contact the Customer Service Contact Center at 1-800-221-3943.

### OFFICIAL USE ONLY

PA Number:6232160041
Client ID:P754605                    Client Name:PERRY, SHANNON L
Provider Nbr:1225159502              NPI:1225159502
Provider Name:DENVER OPTION


Line Number:01                       Status:APPROVED
Start Date:08/04/2023                End Date:03/31/2024
Proc/Rev Code:S5161                  Description:EMER RSPNS SYS SERV PERMONTH
Requested Units:8                    Approved Units:8


Line Number:02                       Status:APPROVED
Start Date:08/04/2023                End Date:03/31/2024
Proc/Rev Code:S5185                  Description:MED REMINDER SERV PER MONTH

Improve health care equity, access and outcomes for the people we serve while saving Coloradans money on health care and driving value for Colorado.
hcpf.colorado.gov





**COLORADO**
Department of Health Care
Policy & Financing
PO Box 30  Denver, CO 80201

Requested Units:8                    Approved Units:8


Line Number:03                       Status:APPROVED
Start Date:08/04/2023                End Date:03/31/2024
Proc/Rev Code:T2013                  Description:HABIL ED WAIVER PER HOUR
Requested Units:2800                 Approved Units:2800


**Client Appeal Rights can be found on the back side of this notice.**

Improve health care equity, access and outcomes for the people we serve while saving
Coloradans money on health care and driving value for Colorado.
hcpf.colorado.gov



**STATE OF COLORADO, DEPARTMENT OF HEALTH CARE POLICY AND FINANCING**
**Arbor E&T, LLC**
**dba Action Review Group**
**P.O. Box 340**
**Olyphant  PA  18447**
**Phone:(877) 265-1864    Fax: (877) 672-2077**


**DISABILITY DETERMINATION NOTICE**


05/19/2023


SHANNON L PERRY
7108 E LOWRY BLVD 1183
DENVER CO  80230


**\*\*\*\* PLEASE KEEP THIS DOCUMENT FOR YOUR RECORDS \*\*\*\***
**\*\*\*\* IMPORTANT DATES ARE INCLUDED \*\*\*\***

We received your medical disability application. We reviewed your application and the medical
records we received from your providers, and made this disability decision:

[X] You have a disability. You will receive a different letter that will tell you if you qualify
for Health First Colorado benefits

Listing Of Impairments:Equals 1.01; 12.04; 12.06; 11.18


[ ] You meet Colorado's standards for limited disability, but you do NOT meet the Social
Security Administration's full disability standards.

Listing Of Impairments:


[ ] The Social Security Administration has decided you do not have a disability and you do
NOT meet Colorado's disability standards.

Reason: Individual does not meet the definition of disability for longer than 12 months.


[ ] The Social Security Administration has already approved your disability application
Colorado accepts that you have a disability.

1

The Social Security Administration (SSA) has already decided you do NOT have a disability.

- If you disagree with that decision, you can appeal that decision with Social Security.

- If you have new critical and / or disabling conditions, you can submit a new disability application to your local COUNTY Department of Human or Social Services OR Medical Assistance SITE OFFICE.
  - For a listing of County Department of Human or Social Services OR Medical Assistance Site locations, please see https://apps.colorado.gov/apps/maps/hcpf.map

If you have any questions about this letter, please contact the State Disability Contractor at 877-265-1864

**If you disagree with your disability determination, you have the right to appeal. Please see the Appeal Information section of this letter for more information.**

Sincerely,

Mellissa Boice
Disability Review Case Developer ARG,
State Disability Contractor

cc: MAILED IN BY CLIENT- DENVER

Your Case File #: 65415                    Your SSN: ***-**-****

***** Important Dates *****

Disability Application Date: **02/27/2023**
   This is the most recent date on the disability application we received.

Disability Decision Date:   **05/15/2023**
   This is the date we made our disability determination.

Disability Onset Date:      **09/01/2018**
   This is the date at which you became unable to work as a result of a disabling medical condition.

Disability Diary Date:      **05/15/2030**
   This is the due date for the periodic review of your disability claim, which will determine whether you still qualify as medically disabled under Social Security Administration rules.

**The Diary Date is the deadline for your case review. If this date passes without a case review, your benefits may be impacted. If you have not received a new application or request for updated information related to your disability sixty (60) days prior to the Diary Date, please contact your Case Worker, County Department of Human / Social Services**

# MEDIATION ADVISEMENT

JUL 1 7 2023

Pursuant to C.R.S. § 13-40-106(2), you are hereby advised that "a Residential Tenant who receives supplemental security income, social security disability insurance under Title II of the Federal 'Social Security Act', 42 U.S.C. 401 et seq., as amended, or Cash Assistance through the Colorado Works program created in Part 7 of Article 2 of Title 26 (Collectively referred to as "Assistance") has a right to mediation prior to the landlord filing an eviction complaint with the Court pursuant to C.R.S. §13-40-110."

IF YOU RECEIVE ASSISTANCE, PLEASE PROMPTLY INFORM US PREFERABLY IN WRITING.

# GOVERNMENT ASSISTANCE AFFIDAVIT

INSTRUCTIONS: Complete when convenient. However, this affidavit must be completed prior to sending this Demand to Tschetter Sulzer.

I swear that the following is true:

1. I am the Landlord /Landlord's Agent of the rental property located at:

   _7108 E. Lowry Blvd. Apt 1183. Denver Co 80230_
   Insert the same Address for Tenant(s), that is on the start of the demand on page 1.

2. I am familiar with the rental property and the Tenant(s) listed in the foregoing Demand / Notice.

3. Check One:

   a. ◯ The Tenant(s) receives Assistance, and the Landlord and Tenant(s) participated in mandatory mediation and the mediation was unsuccessful.

   b. The Landlord and Tenant(s) did not participate in mandatory mediation because:

      i. ◯ the Tenant(s) did not disclose or declined to disclose to the Landlord in writing, in response to a written inquiry from the Landlord requesting whether Tenant(s) receives Assistance.

      ii. ☑ The Tenant(s) do not receive Assistance.

      iii. ◯ The Landlord is a 501(c)(3) nonprofit organization that offers opportunities for mediation to residential tenants prior to filing a residential eviction in court.

      iv. ◯ The Tenant(s) were notified of mediation and did not participate in the mediation.

      v. ◯ The Tenant(s) waived the mediation.

      vi. ◯ Landlord has five or fewer single-family rental homes and no more than five total rental units, including any single-family homes.

Attested to on this date _July 17_____, 20_23_.

_____          _Jessica Brandl_
Signature (Landlord / Agent for Landlord)     Print Name (Landlord / Agent for Landlord)

Rev: 06/28/2023

24558   FORM PROVIDED TO LANDLORD COURTESY OF TSCHETTER SULZER P.C.
Fax completed form to 303.766.1181 or 303.766.1819 or Colorado Springs 719.227.1181

2 of 2

7/5/2023

## MEDIATION ADVISEMENT

Pursuant to C.R.S. § 13-40-106(2), you are hereby advised that "a Residential Tenant who receives supplemental security income, social security disability insurance under Title II of the Federal 'Social Security Act', 42 U.S.C. 401 et seq., as amended, or Cash Assistance through the Colorado Works program created in Part 7 of Article 2 of Title 26 (Collectively referred to as "Assistance") has a right to mediation prior to the landlord filing an eviction complaint with the Court pursuant to C.R.S. §13-40-110."

IF YOU RECEIVE ASSISTANCE, PLEASE PROMPTLY INFORM US PREFERABLY IN WRITING.

## GOVERNMENT ASSISTANCE AFFIDAVIT

INSTRUCTIONS:  Complete when convenient.  However, this affidavit must be completed prior to sending this Demand to Tschetter Sulzer.

I swear that the following is true:

1.  I am the Landlord /Landlord's Agent of the rental property located at:

    _____

    Insert the same Address for Tenant(s), that is on the start of the demand on page 1.

2.  I am familiar with the rental property and the Tenant(s) listed in the foregoing Demand / Notice.

3.  Check One:

    a.  ◯ The Tenant(s) receives Assistance, and the Landlord and Tenant(s) participated in mandatory mediation and the mediation was unsuccessful.

    b.  The Landlord and Tenant(s) did not participate in mandatory mediation because:

        i.  ◯ the Tenant(s) did not disclose or declined to disclose to the Landlord in writing, in response to a written inquiry from the Landlord requesting whether Tenant(s) receives Assistance.

        ii.  ◯ The Tenant(s) do not receive Assistance.

        iii.  ◯ The Landlord is a 501(c)(3) nonprofit organization that offers opportunities for mediation to residential tenants prior to filing a residential eviction in court.

        iv.  ◯ The Tenant(s) were notified of mediation and did not participate in the mediation.

        v.  ◯ The Tenant(s) waived the mediation.

        vi.  ◯ Landlord has five or fewer single-family rental homes and no more than five total rental units, including any single-family homes.

Attested to on this date _____, 20_____.

_____            _____
Signature (Landlord / Agent for Landlord)            Print Name (Landlord / Agent for Landlord)

Rev: 06/28/2023

**FORM PROVIDED TO LANDLORD COURTESY OF TSCHETTER SULZER P.C.**
**Fax completed form to 303.766.1181 or 303.766.1819 or Colorado Springs 719.227.1181**
2 of 2

**E.     REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."* Additional paper is attached.

1- Demand Posession of Property Unit/Apt 710# E. Lowry Blvd Den Co 40230.
2 - Dont Descriminate Type of Assistance from Colorado works to exclude definition of disabled in 13-81-101(3), and include AND-50 or AND program in Statute 13-40-106
3 - Broaden type of Assistance Definition, No discrimination of type of disability.
4-

**F.     PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

Fri 25th Aug 2023
_____
(Date)

(Revised February 2022)

5

*E. Request For Relief 1-19*

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form "**(10) Presumptions under legislative Act**" *Rule 902*
- *Self-Authentication*, Colo. R. Evid. 902: prima facie genuine or/and authentic


Shannon Perry
Vs.
Encore at Blvd One LLC.
Et al

Case **23C62826** and Case **23C59137**


I, Shannon Perry, Self-attest, testify in case 23C62826 and related case 23C59137 dismissed with Prejudice case of eviction against Shannon Perry on 5/31/2023 by honorable June Torres #54654 in regarding the contractual obligation of Lease Document between Shannon Perry (Tenant) and Encore at Boulevard One LLC. DBA Embrey (Landlord) provided to and by Encore at Boulevard One LLC. Encore at Boulevard One LLC is a ***Foreign*** LLC representing lease agreement made on, of, or behalf of a legally determined by the State of Colorado Department of Health Care Policy and Financing Arbor E&T, LLC dba Action Review Group tenant Shannon Perry, while equitably tolling determination of Social Security Administration: ***by Pleading***, and ***statement***: that arising out of the contractual lease obligation to satisfy the indebtedness of Shannon Perry (tenant) obligation to rent and utility at Encore at Boulevard One LLC. (landlord), ***undue harm*** *and undue burden damages are subject to relief request* § 38-12-507(d) for a breach of warranty under habituality and Unlawful Removal, for damages of Emotional Distress, Anxiety, Inconvenience, Grief, Terror, Apprehension, Anger, Mental Suffering, and embarrassment,  with: direct, circumstantial evidence, premia fascia, documentary, and self-attested testimony evidence provided to the court of record.

***I, Shannon Perry, states for the record***;
(b) A person is not guilty of an unlawful detainment of real property pursuant (§ 13-40-104) Encore at Boulevard One LLC. And/or EMBREY and or the Foreign Registration of Real Property 7108 E. Lowry Blvd. Apt/Unit 1183 Denver Co. 80230; based on; paragraph (a) of this subsection (4) if the alleged violation of the rental or lease agreement is a result of domestic violence or domestic abuse against the tenant or lessee.
13-40-104. Unlawful detention defined per Shannon Perry v Encore at Blvd One LLC: Colorado Coalition of Homelessness authorized deposit money for the Encore at Blvd. One LLC. apartment in May 2022, from a domestic violence circumstance that placed Shannon Perry in a hotel for 2 -4 weeks while seeking for new shelter.  The lease was authorized in May 2022 originally, and Shannon Perry sought this lease for safety, protection, and stability.


Page **1** of **19**

*E. Request For Relief*

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form **"(10) Presumptions under legislative Act"** *Rule 902*
- *Self-Authentication*, Colo. R. Evid. 902: prima facie genuine or/and authentic

<u>**I, Shannon Perry, states for the record**</u> by and of supporting testimony, the document listed:
<u>and officially Demand the continuation of Possession of 7108 E. Lowry Blvd. Apt/Unit 1183</u>
<u>Denver Co. 80230 and hold all privileges of lease at The Encore at Blvd. One LLC. Property in</u>
<u>Denver Colorado.</u>

Cross-Claim and/or Counterclaim

Shannon Perry
7108 E. Lowry Blvd. Apt/Unit 1183 Denver Co 80230
v.
Encore at Boulevard One, LLC
At el

ENCORE AT BOULEVARD ONE, LLC BRANCH
Company Number
20171351745
Status
Good Standing
Incorporation Date
4 May 2017 (over 6 years ago)
Company Type
**Foreign Limited Liability Company**
Jurisdiction
Colorado (US)
Branch
Branch of ENCORE AT BOULEVARD ONE, LLC (Delaware (US))
Agent Name
Capitol Corporate Services, Inc
Agent Address
36 South 18th Avenue, Suite D, Brighton, CO, 80601, US
Company Addresses
HEAD OFFICE ADDRESS
7600 Broadway Ste 300, San Antonio, TX, 78209, US
MAILING ADDRESS
1020 NE Loop 410, STE 700, San Antonio, TX, 78209, US

*E. Request For Relief*

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form "**(10) Presumptions under legislative Act**" *Rule 902*
- *Self-Authentication*, Colo. R. Evid. 902: prima facie genuine or/and authentic

Entered into a second lease contract from the original move in date in May 2022, with Shannon Perry on April 4th 2023.

On this date – **5.19.2023 Shannon Perry was determined disabled by State of Colorado, Department of Health Care Policy and Financing** Arbor E&T, LLC d.b.a. Action Review Group and received notice by mail.

Both Ricci Donati and Jessica Randles are notified through both documentation and verbally confirming multiple times in the Encore at Blvd. One LLC office, or casual conversation of and acknowledging Shannon Perry is legally disabled. Sometimes, on more than one occasion this happens because Shannon Perry has memory loss, memory lapse, aphasia, and amnesia.

This statement is also confirmed upon by the receipt, and accepting of ERAP (emergency rental assistance program) by medically qualified determination rental assistance paid to Encore at Boulevard One according to document Rental Ledger.

***Shannon Perry states for the record***: **undue hardship** and **undue burden** occurred when Shannon Perry was denied :

1) ADA accommodation request by Shannon Perry to Encore at Blvd. One LLC discriminatory denial of accommodation unless tenant is in "**good standing**" with lease contract solely on purposes of *delayed rent procurement* by personal and limitations to ability to provide a personal form of income based on disability outside of employment while equitably tolling a Social Security Administrative Law Judge Hearing, state aide and/or assistance, private aide and/or assistance, social security and/or assistance, foundation aide and/or assistance, **not to have defaulted on rent procurement in an equitable tolling of State Determined Disability to Social Security Disability Status,** for the lack of timely coordination with Rocky Mountain Human Services immediately after ERAP receipt.  A denial of ADA accommodation to Tenant (Shannon Perry). A <u>breach of warranty under habituality happened when the landlord, and or acting Agent of leasing Jessica Randle and or Ricci Donati did not satisfy the request to communicate, and denied the Tenant Shannon Perry the right to Seek and Pursue a formal Mediation by their self-determination of Tenant Shannon Perry status of Assistance, without properly and procedurally affirming the type of Assistance, and Discriminating on what type of Assistance Tenant Shannon Perry receives. An expired request to accommodate disability, excluding Shannon Perry from communication and connecting RMHS case managers with Landlord to satisfy the request to two small ADA accommodation request on, of and behalf of Shannon Perry Tenant.</u>

   a) ***Shannon Perry asks the court to form a reasonable final Judgement per damages listed in this counterclaim for Tenant Shannon Perry. I , Shannon Perry, ask the honorable Judge presiding that Encore legal representation be responsible for lawyers fees, and not limited to a full disclosure of complete communication between Shannon Perry representation on Social Security Matt Berry and Associates and CC all email***

E. Request For Relief

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form **"(10) Presumptions under legislative Act"** *Rule 902*
- *Self-Authentication*, Colo. R. Evid. 902: prima facie genuine or/and authentic

> *communication here to and forward, always any or all communication of*
> *arrangement, coordination, transactional, medical ADA accommodations to enter*
> *agreement in the lease per stipulation for Tenant Shannon Perry to arrange debt to*
> *lease in accordance to equitable tolling of the waiting period between being an*
> *awarded recipient and reconciliation of a debt, and/or award Tenant of an*
> *entitlement to the demand of possession of apt/unit by award of damages equal to*
> *undue burden and undue hardship.*

  b) *Shannon Perry asks the court to not award, disabled, elderly, suffering, or victims of*
  *domestic violence tenant(s) of lease with surprise legal fees integrated after a*
  *judgement is occurred, signed and dismissed with or without prejudice,  like the*
  *example of the 300$ fee "adjusted" after the case 23C59137 was dismissed with*
  *prejudice. Document Provided in Evidential Production Support. Before and after*
  *agencies like ERAP or any or all Rent and Utility Assistance programs assist disabled,*
  *elderly, suffering, or victims of domestic violence*.

2) *Undue hardship*, is in excess of a task for tenant Shannon Perry, a disabled person to in
pauperis file lawsuit for bad and near death health, terror, fear, and apprehension of
misrepresentation, and being subject to a risk of further homelessness, displacement,
disparagement , and further embarrassment of the inability to control tolling and/or
equitably tolling the Social Security Administration Administrative Law Judge Hearing , and
the embarrassment of expressing continuously type of disability in expression or explicitly in
defense of tolling any process or procedure,  while suffering the entirety of the disabilities
limitations and management of such suffering,  and medical emergency all while equitable
tolling Social Security Administration determination process, in inconvenience, fear, anger,
terror, distress, grief, anxiety, of homelessness, displacement, and disparagement.

3) *Undue burden* exists for the fact that Shannon Perry was forced to file lawsuit in pauperis
when Encore at Blvd. One LLC. Knowingly acknowledges Shannon Perry as to be legally
disabled and has been a repeated recipient of emergency rental assistance programs by
DHS, and ERAP.

4) Tenant Shannon Perry of Encore at Blvd. One LLC. Has been a tenant since May 2022.
Shannon Perry received assistance from the Colorado Coalition of Homelessness a one-time
payment of the Deposit to enter the Encore at Blvd. One LLC. May 2022.

5) Shannon Perry list these supporting Statutes, Executive Orders, and Regulations under HUD

6) Statutes
    a) Fair Housing Act
        i)   42 U.S.C. §§ 3601-19
            (1) Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), as amended, prohibits
                discrimination in the sale, rental, and financing of dwellings,
                        i.   and in other housing-related transactions, because of race,
                             color, religion, sex (including gender identity and sexual
                             orientation), familial status,

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form "**(10) Presumptions under legislative Act**" *Rule 902*
- *Self-Authentication*, Colo. R. Evid. 902: prima facie genuine or/and authentic

          ii.  national origin, and disability. It also requires that all federal programs relating to housing and urban development be administered in a manner that affirmatively furthers fair housing.

    (2) Title VI of the Civil Rights Act of 1964

  ii)  42 U.S.C. § 2000d-1

    (1) Title VI prohibits discrimination on the basis of race, color, and national origin in programs and activities receiving federal financial assistance.

b)  Section 504 of the Rehabilitation Act of 1973

  i)  29 U.S.C. § 794

c)  Section 504 prohibits discrimination based on disability in any program or activity receiving federal financial assistance.

d)  Section 508 of the Rehabilitation Act of 1973

  i)  29 U.S.C. § 794d

e)  Section 508 requires federal agencies to ensure that the electronic and information technology they develop, procure, or use allows individuals with disabilities to have ready access to and use of the information and data that is comparable to that of individuals without disabilities.

    (1) Title II of the Americans with Disabilities Act of 1990

  ii)  42 U.S.C. §§ 12131 – 12165

    (1) Title II of the ADA prohibits discrimination based on disability in programs and activities provided or made available by public entities. HUD enforces Title II with respect to housing-related programs and activities of public entities, including public housing, housing assistance and housing referrals.

f)  Title III of the Americans with Disabilities Act of 1990

  i)  42 U.S.C. § 12181 – 12189

    (1) Title III of the ADA prohibits discrimination based on disability in the goods, services, facilities, privileges, advantages, and accommodations of places of public accommodations owned, leased, or operated by private entities. The Department of Justice enforces Title III of the ADA, but certain HUD recipients and private entities operating housing and community development programs are covered by Title III of the ADA.

g)  Architectural Barriers Act of 1968

  i)  42 U.S.C. § 4151 et seq.

    (1) The Architectural Barriers Act requires that buildings and facilities designed, constructed, altered, or leased with certain federal funds after September 1969 must be accessible to and useable by persons with disabilities.

h)  Section 109 of Title I of the Housing and Community Development Act of 1974

  i)  42 U.S.C. § 5309

    (1) Section 109 prohibits discrimination on the basis of race, color, national origin, sex (including gender identity and sexual orientation), and religion in any

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form "**(10) Presumptions under legislative Act**" *Rule 902*
- *Self-Authentication*, Colo. R. Evid. 902: prima facie genuine or/and authentic

program or activity funded in whole or in part under Title I of the Community Development Act of 1974, which includes Community Development Block Grants.

i) Title IX of the Education Amendments Act of 1972
    i) 20 U.S.C. §§ 1681-83, 1685-88
        (1) Title IX prohibits discrimination on the basis of sex (including gender identity and sexual orientation) in any education programs and activities that receive federal financial assistance. HUD enforces Title IX when it relates to housing affiliated with an educational institution.

j) Violence Against Women Act
    i) 42 U.S.C. § 14043e–11
        (1) VAWA provide housing protections for victims of domestic violence, dating violence, sexual assault, and stalking in many of HUD's housing programs. VAWA also requires the establishment of emergency transfer plans for facilitating the emergency relocation of certain tenants who are victims of domestic violence, dating violence, sexual assault, or stalking.

k) Age Discrimination Act
    i) 42 U.S.C. §§ 6101 – 6107
        (1) The Age Discrimination Act of 1975 prohibits discrimination on the basis of age in programs and activities receiving federal financial assistance.

7) Executive Orders
    i) Executive Order 11063
        (1) Equal Opportunity in Housing
    ii) Executive Order 11063, issued on November 20, 1962, prohibits discrimination in the sale, leasing, rental, or other disposition of properties and facilities owned or operated by the federal government or provided with federal funds.
    iii) Executive Order 12892 | text version
        (1) Leadership and Coordination of Fair Housing in Federal Programs: Affirmatively Furthering Fair Housing
    iv) Executive Order 12892, issued on January 17, 1994, requires federal agencies to affirmatively further fair housing in their programs and activities, and provides that the Secretary of HUD will be responsible for coordinating the effort.
    v) Executive Order 12898 | text version
        (1) Federal Actions to Address Environmental Justice in Minority Populations and Low-Income Populations
    vi) Executive Order 12898, issued on February 11, 1994, requires that each federal agency conduct its program, policies, and activities that substantially affect human health or the environment in a manner that does not exclude or otherwise subject persons to discrimination based on race, color, or national origin.
    vii) Executive Order 13166
        (1) Improving Access to Services for Persons with Limited English Proficiency

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form "**(10) Presumptions under legislative Act**" *Rule 902*
*- Self-Authentication*, Colo. R. Evid. 902: prima facie genuine or/and authentic

    viii) Executive Order 13166, issued on August 11, 2000, requires each federal agency to take steps to ensure that eligible persons with limited English proficiency are provided meaningful access to all federally-assisted and federally-conducted programs and activities.

    ix) Executive Order 13217
        (1) Community Based Alternatives for Individuals with Disabilities

    x) viiii) Executive Order 13217, issued on June 18, 2001, requires federal agencies to evaluate their    policies and programs to determine if any can be revised or modified to improve the availability of community-based living arrangements for persons with disabilities.

8) Executive Order 13988
    a) Preventing and Combating Discrimination on the Basis of Gender Identity or Sexual Orientation
        i) xii) Executive Order 13988, issued on January 20, 2021, requires HUD to administer and fully enforce the Fair Housing Act to prohibit discrimination because of sexual orientation and gender identity.
    b) Regulations
        i) Accessibility Standards for Design, Construction, and Alteration of Publicly Owned Residential Structures
    c) 24 C.F.R. part 40
        i) Affirmative Fair Housing Marketing
    d) 24 C.F.R. part 108
    e) 24 C.F.R. part 110
    f) 24 C.F.R. part 200, subpart M
    g) 24 C.F.R. § 203.12(b)(3)
        i) Affirmatively Furthering Fair Housing
    h) 24 C.F.R. §§ 5.150 – 5.168
        i) Certification and Funding of State and Local Fair Housing Enforcement Agencies
    i) 24 C.F.R. part 115
        i) Collection of Data
    j) 24 C.F.R. part 121
        i) Discriminatory Conduct Under the Fair Housing Act
    k) 24 C.F.R. part 100
        i) Equal Access Rule
    l) 24 C.F.R. § 5.105
    m) 24 C.F.R. § 5.106
        i) Fair Housing Act Complaint Processing
    n) 24 C.F.R. part 103
        i) Fair Housing Poster
    o) 24 C.F.R. part 110
        i) Fair Housing Initiatives Program

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form "**(10) Presumptions under legislative Act**" *Rule 902*
- *Self-Authentication*, Colo. R. Evid. 902: prima facie genuine or/and authentic

- p) 24 C.F.R. part 125
    - i) Information and Communication Technology Standards and Guidelines
- q) 36 C.F.R. part 1194
    - i) Nondiscrimination and Equal Opportunity in Housing Under Executive Order 11063
- r) 24 C.F.R. part 107
    - i) Nondiscrimination Based on Handicap in Federally-Assisted Programs and Activities of the Department of Housing and Urban Development
- s) 24 C.F.R. part 8
    - i) Nondiscrimination in Federally-Assisted Programs of the Department of Housing and Urban Development – Effectuation of Title VI of the Civil Rights Act of 1964
- t) 24 C.F.R. part 1
    - i) Nondiscrimination in Programs and Activities Receiving Assistance under Title I of the Housing and Community Development Act of 1974
- u) 24 C.F.R. part 6
    - i) Nondiscrimination on the Basis of Age in HUD Programs or Activities Receiving Federal Financial Assistance
- v) 24 C.F.R. part 146
    - i) Nondiscrimination on the Basis of Disability in State and Local Government Services
- w) 28 C.F.R. part 35
    - i) Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance
- x) 24 C.F.R. part 3
    - i) Protection for Victims of Domestic Violence, Dating Violence, Sexual Assault, or Stalking
- y) 24 C.F.R. §§ 5.2001 – 5.2011
9) ***Shannon Perry States for the record***: Shannon Perry is a legally disabled person as defined; ***13-81-101(3)***
    - i) "Person under disability" means any person who is a minor under eighteen years of age, a mental incompetent, or a person under other legal disability
    - x) ***Shannon Perry states for the record it is not*** an onerous request for the Landlord, Agents of Leasing Operations to
        - a. (1) Communicate effectively and coordinate with any or all acting participants of Rent and Utility Relief Programs, or entities, foundations, DHS, CDHS, RMHS ADA Accommodation Request form.
            - i. ***Shannon Perry states for the record*** that ***it is not an onerous request*** to not be questioned or told that "a stove has knobs, and buttons so Landlord and/or employees of Landlord ***assert and/or assume*** the requested ADA accommodation" may or may not be necessary. Shannon Perry has a cognitive disability that requires special accommodation for memory, like an electronic safety kill switch upon Shannon Perry request to be installed in the apartment to help

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form "**(10) Presumptions under legislative Act**" *Rule 902*
- *Self-Authentication*, Colo. R. Evid. 902: prima facie genuine or/and authentic

mitigate the risk of forgetting an oven or stove being on for too long if Shannon Perry goes unconscious, or has a fall, stroke, seizure, or does not wake up in the incident that Shannon Perry would pass away.

ii. Shannon Perry expresses much sorrow and grief and embarrassment having to explain to landlord how severe, and not only a disability, a Traumatic Brain Injury is, with Spinal Injury. Shannon Perry's TBI will lead to the event of death over time of the Secondary Brain Injury Neurological degeneration.  Shannon Perry does have a ILST (**Independent Living Skills Training**) in the home for individuals who have suffered a Brain Injury, Traumatic or Acquired, through the Brain Injury Waiver - ***Medicaid***. Additional resources over time, like in home nurse visit, and assistance of bathing, meal, and rehabilitation will likely happen in future for spine surgery, brain surgery, and or neurological surgery. Shannon Perry does not waive the rights of these assistance programs while equitably tolling for Social Security Administration SSI & SSDI, and Medicare.

**b.** (2) Accommodate the Reasonable ADA request completely funded by ***Medicaid***, and Facilitated through communication with RMHS, by supported coordination, and cooperation with ***and not to exclude Shannon Perry from any and all coordination and cooperation*** with and not limited to State, Federal, Foundations, DHS, CDHS, RMHS***, or any discrimination of type of aide or assistance and/or relief programs to satisfy any tolling, equitable tolling of process to procure rental obligations of tenant-landlord agreement.***

c. ***ADA accommodation request is and was not a costly burden,*** finding the two small request of an electrical safety switch, and adding a safety pull up bar is funded and approved through **RMHS**, and **Medicaid** with a one lifetime 14,000$ grant.  Shannon Perry states: Shannon is aware that the place of dwelling is possibly temporary and tenant does not want to ***in excess*** apply an extreme amount of grant award to accommodations that possibly could be accommodated further with the consideration of another unit, or modified stipulation or agreement, or moving into a home.  However, not acknowledging, honoring the request within more than de minimums, puts tenant at an undue burden, adding to the suffering of a fragile medical condition.

d. ***Shannon Perry, a disabled tenant under definition 13-81-101(3) or a person under other legal disability and who does not have a legal guardian***.

y) ***Shannon Perry states for the record*** that Shannon Perry personally requires and is in possession of a **Life Alert Service provided by Medicaid, and Procured by the Rocky Mountain Human Services** and **Medicaid**.

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form "**(10) Presumptions under legislative Act**" *Rule 902*
- *Self-Authentication*, Colo. R. Evid. 902: prima facie genuine or/and authentic

z) Was Shannon excluded from being a legal recipient of rent relief by undue harm, and/or by undue burden, with conflicting information and disregard for a legally disabled person, without coordination, or with lack of regard for cooperation of DHS, Kenyatta Davis, Nicole Fuller, CDHS with Encore at Blvd. One LLC, and Emma Roberts, Foundation Coordinator.

    a. ***I, Shannon Perry states, for the record***: Shannon Perry was excluded from being a legal recipient of rent relief with both factors of undue harm, and undue burden, by conflicting, coordination, lack of informative policy, procedure, explanation and UNDERSTANDING with full disclosure of, and qualifying elements of assistance and or programs, and/or cooperation of DHS, CDHS, and Emma Roberts, Foundation Coordinator the Rent Relief Foundation with Encore at Blvd. One LLC.

    b. How was Shannon excluded from being a legal recipient of rent relief without conflict, cooperation, communication, transactional, informative, legally assisted, coordinated efforts?

        i. ***I, Shannon Perry states, for the record***: Shannon Perry started an application with the CDHS for emergency medical rent relief. Shannon Perry tried to get Ricci Donati, and Jessica Randle to coordinate communication, with full Disclosure of all information about transaction, in time so that Shannon Perry would be able to satisfy a request of "July, August, and September". Shannon Supplied full disclosure of any and all Bank Account Records (credit, checking, saving), All Documents of Determination of Medical Disability, lease, and ledger named Embrey, and accounting ledger of Encore at Blvd. One LLC. And Conservice utility and rent ledger combination to the Department of Human Services. After, Shannon Perry asked DHS and/or CDHS to provide eligibility requirements, and program policy, Shannon Perry was told to communicate with Nicole Y. Fuller of DHS/CDHS who overall states verbatim "***You really do not qualify for this program at all, because you have no plan to pay rent after***, so we will not approve June because there is a "balance" due. The said balance due, is an illegally incurred adjustment to the record and accounting for Shannon Perry lease for legal fees after a Dismissed with prejudice ruling on case 23C59137. Subsequent to Shannon Perry giving all her personal information requested by state agency, and not being informed of what program Shannon Perry was applying for exactly. ***The balance of June was a "legal fee that cannot be accounted for" and was not awarded to either party in the dismissed with prejudice case 23C59137 dismissed with Prejudice case of eviction against Shannon Perry on 5/31/2023 by honorable June Torres #54654.***

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form "**(10) Presumptions under legislative Act**" *Rule 902*
- *Self-Authentication*, Colo. R. Evid. 902: prima facie genuine or/and authentic

1. Nicole Fuller did not take into consideration Shannon Perry is equitably tolling Social Security Administrative Law Judge hearing with undefined parameters unless Shannon Perry is considered a Compassionate Allowance, which tolls around a 6-month process.

ii. ***Subsequent*** to an indebted balance that ***should not have existed*** for the **dismissed with prejudice ruling on 5/31/2023**, Shannon Perry took her whole Adult Disabled and Needy Assistance from the state to try to satisfy the 300$ fee. **The Aid to the *Needy Disabled*-State Only (AND-SO).** Jessica Brandle told Shannon Perry that Shannon Perry could not apply a partial payment of 300$ money order because of a "planned stipulation" in the lease under Special Provisions and "What If" Clauses 10. Special Provisions.

iii. ***Subsequently***, of not being able to pay the left-over balance of a ***dismissed with prejudice legal fee*** of 300$, by certified money order. The DHS/CDHS Nicole Fuller said that 1) Shannon Perry truly doesn't qualify, additionally DHS/CDHS Nicole Fuller would not reconsider paying the months of "July, August, September", instead of "June 300$ balance, July, and August".

iv. ***Shannon Perry states for the record:*** that the DHS/CDHS requires Encore at BLVD. One LLC. To sign a DHS, CDHS Stipulation and give a W-9 in exchange for permission to disburse, transact, or perfect indebtness on, of, or on behalf of a legally disabled person in this case namely Shannon Perry. ***This is an illegal practice that Encore at BLVD. One LLC. Is an international agency who is recipient of a request to furnish a W-9 document to a Colorado Department of Human Services, and or Department of Human Services. Provided that Shannon Perry's Legally determined disability is not an International LLC. Income, restitution, currency of disability, or a means to an end.*** Shannon Perry's legally disabled status is and would be considered a Charitable contribution given the Colorado Department of Human Services provide a 501c3 Schedule A for tax purposes, and Shannon Perry ASSERTS that ***Encore at Blvd. One LLC. Foreign Registered entity Is not an employee of the Colorado Department of Human Services, or the Department of Human Services***, and Shannon Perry's Disability is Not an employment opportunity for an International LLC. Of Real Property to capitalize on in a business model. Rather, Encore at Blvd. One LLC. Is not being employed to receive, or perfect transactions unless they are deemed legal to do so on, of or behalf of a legally disabled person. Funds from the State, Local, Federal, National, or international transaction on, of,

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form "**(10) Presumptions under legislative Act**" *Rule 902*
- *Self-Authentication*, Colo. R. Evid. 902: prima facie genuine or/and authentic

or behalf of a disabled person by excluding Shannon Perry the security of policy, procedure, procure, qualifying material does not exempt, or exclude Encore at Blvd. One LLC. From being a recipient of transactions so as long as the transaction is an inappropriately perfected transaction on, of, or behalf of Shannon Perry, a legally disabled tenant.

*v.* Shannon Perry states, ***for the transaction of rent and utility assistance to be an appropriately perfected transaction to satisfy a rent tenant-landlord agreement, without violating state and federal regulations, rules, and statues,  Shannon Perry REQUEST the court to award recipient assistance through a CASH ASSISTANCE PROGRAM, and/or a Personal Bank Account such as the Adult Disabled and Needy Program that is assigned to Shannon Perry through the Department of Health Care Policy and Financing, Medicaid, Rocky Mountain Human Services, and Colorado Department of Human Services, or Department of Human Services.   To satisfy rental-landlord tenant assistance programs for the whole state of Colorado. Shannon Perry asks the court and Honorable Judge for damages in the amount of equal to 2 years of rent and utility assistance. Starting at the End of Lease in 2023, starting a new lease for 2023-2025.***

1. ***941. 18 U.S.C. 1343—Elements of Wire Fraud***
2. ***901. Scope of the General Statutes Prohibiting Fraud Against the Government:*** 18 U.S.C. §§ 287 (false claims), 371 (conspiracy), 1001 (false statements), 1341 (mail fraud) and 1343 (wire fraud). The mail fraud and wire fraud statutes (18 U.S.C. §§ 1341, 1343)
3. ***902. 1996 Amendments to 18 U.S.C. § 1001 a.b.c (1) -*** administrative matters, including a claim for payment, a matter related to the procurement of property or services, personnel or employment practices, or support services, or a document required by law, rule, or regulation to be submitted to the Congress or any office or officer within the legislative branch
4. ***904. Purpose of Statute: The purpose of 18 U.S.C. § 1001 is to prohibit deceptive practices aimed at frustrating or impeding the legitimate functions of government departments or agencies – The Colorado Department of Human Services, and or Department of Human Services as listed as the Government Department and/or agency, The Resident Relief***

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form "**(10) Presumptions under legislative Act**" *Rule 902*
- *Self-Authentication*, Colo. R. Evid. 902: prima facie genuine or/and authentic

      *Foundation as listed in the case as the Foundation organized as a 501c3*

  5.  *Under 18 U.S.C. § 371 the act of defrauding the government of money or property may take many forms, including the inducement of payment for services or supplies not provided or provided at inflated prices; for work for which the government is not responsible. United States v. Vincent, 648 F.2d 1046 (5th Cir.1981); United States v. Cella, 568 F.2d 1266 (9th Cir.1978); and of money or property to which the applicant is not lawfully entitled because of the applicant's status. Proof that the United States has been defrauded does not require any showing of pecuniary or proprietary loss.*

  6.  *The 1988 Procurement Integrity Act, 41 U.S.C. § 423* 41 U.S.C.
United States Code, 1998 Edition
Title 41 - PUBLIC CONTRACTS
CHAPTER 7 - OFFICE OF FEDERAL PROCUREMENT POLICY
Sec. 423 - Restrictions on disclosing and obtaining contractor bid or proposal information or source selection information
From the U.S. Government Publishing Office

    a.  *Encore at Blvd. One, CDHS, and DHS violated the 1988 Procurement Integrity Act 41 u.s.c. 423 41 under restrictions regarding procurement of dispersible funds on behalf of a disabled tenant with conspiracy and bribery from CDHS form submitted to Foreign Registered agency Encore at Blvd. One LLC. To negotiate out of contractual lease obligations an procurement of rent and utility assistance in a lease contract obligation of a legally determined Disabled tenant under definition of a disabled person   13-81-101(3)*

c.  The Resident Relief Foundation

    i.  *Shannon Perry States for the record*: Shannon Perry applied for assistance through the Resident Relief Foundation.  The same conflict of award, transactional procedure occurred to where there was also confusion, a 501c3 registered distribution of rent and utility assistance to on, of, or behalf of a legally disabled Tenant Shannon Perry in exchange for an award, Tenant – Landlord was requested to provide a w-9, in which Encore at Blvd. One LLC is a Foreign Entity who is not authorized to be a recipient of funds from a 501c3 who illegally request a w-9 in exchange for a charitable award that constitutes a awardee (Tenant Shannon Perry) to receive the award

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form "**(10) Presumptions under legislative Act**" *Rule 902*
- *Self-Authentication,* Colo. R. Evid. 902: prima facie genuine or/and authentic

first in order to perfect a transaction of rent and utility contractual obligation; if Encore at Blvd. One LLC. Would receive a grant for up to two months awarded of rent-utility relief that would happen if and when a legally perfected security transaction of rent-utility relief was awarded to Shannon Perry for the months of October and November 2023, would have to be a Schedule A transaction to where Awardee receives the funding first, deposits in a FDIC for award accounting for the disabled persons Tax record, then distributed by certified funds as in accordance to the landlord-tenant lease contract.

ii. *Shannon Perry States for the record*: coordination and communication for the potential award was also requested By Shannon Perry to The Resident Relief Foundation of: policy, procedure, procurement and or security transactions, qualifications.

iii. *Shannon Perry States for the record*: the only response about these questions that was provided was a statement in email from Emma a founder: "it says it on our website".

   1. *https://residentrelieffoundation.org/*


iv. *Shannon Perry States for the record*: for these reasons it has been a definitive undue burden, and undue harm to a legally disabled person suffering, a domestic violence victim, and or/an elder**, is almost impossible to be awarded a grant and/or assistance even if a person, disabled person, elder, domestic violence victim is qualified to satisfy rent and utility assistance**.

   1. *Shannon Perry States for the record*: for these reasons it is almost impossible for Encore at Blvd. One LLC. To legally accept a security transaction, and/or be a legal recipient and, on, or on behalf of the first or only recipient, to exclude a legally disabled tenant Shannon Perry – without Shannon Perry being the awardee and recipient of and using one's own Personal Bank Account, and/or The State of Colorado Adult Disabled and Needy Cash Assistance Program to award rent and utility assistance and appropriately apply the assistance to the tenant-landlord contract lease obligation timely without violation of these International, Federal, State : Statutes, Codes, Acts, Rules, Amendments :

      a. *941. 18 U.S.C. 1343—Elements of Wire Fraud*
      b. *901. Scope of the General Statutes Prohibiting Fraud Against the Government:* 18 U.S.C. §§ 287 (false claims), 371 (conspiracy), 1001 (false statements),

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form "**(10) Presumptions under legislative Act**" *Rule 902*
- *Self-Authentication*, Colo. R. Evid. 902: prima facie genuine or/and authentic

1341 (mail fraud) and 1343 (wire fraud). The mail fraud and wire fraud statutes (18 U.S.C. §§ 1341, 1343)

c. ***902. 1996 Amendments to 18 U.S.C. § 1001 a.b.c (1) -*** administrative matters, including a claim for payment, a matter related to the procurement of property or services, personnel or employment practices, or support services, or a document required by law, rule, or regulation to be submitted to the Congress or any office or officer within the legislative branch

d. ***904. Purpose of Statute: The purpose of 18 U.S.C. § 1001 is to prohibit deceptive practices aimed at frustrating or impeding the legitimate functions of government departments or agencies – The Colorado Department of Human Services, and or Department of Human Services***

e. ***Under 18 U.S.C. § 371 the act of defrauding the government of money or property may take many forms, including the inducement of payment for services or supplies not provided or provided at inflated prices; for work for which the government is not responsible. United States v. Vincent, 648 F.2d 1046 (5th Cir.1981); United States v. Cella, 568 F.2d 1266 (9th Cir.1978); and of money or property to which the applicant is not lawfully entitled because of the applicant's status. Proof that the United States has been defrauded does not require any showing of pecuniary or proprietary loss.***

   i. ***The 1988 Procurement Integrity Act, 41 U.S.C. § 423***

v. Definitions – undue hardship- when the task for a disabled person exceeds the reasonable capacity.  In this Case, having to in pauperis show a court of record how ***unperfected transactions affect the stability, distress a disabled person under the law, causes anxiety, inconvenience, grief, terror, apprehension, anger and mental suffering, life threatening stress.***

vi. Additionally, how breaches of warranty under habituality and Unlawful Removal, due to unperfected transactions negatively affect the safety, and security of a legally disabled person(s) namely Shannon Perry; for damages of Emotional Distress, Anxiety, Inconvenience, Grief, Terror, Apprehension, Anger, Mental Suffering, and embarrassment with direct, circumstantial evidence, premia

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form "**(10) Presumptions under legislative Act**" *Rule 902*
- *Self-Authentication*, Colo. R. Evid. 902: prima facie genuine or/and authentic

fascia, documentary, self-attested testimony evidence provided to
the court of record.

     vii.  Statutes 13-81-101 – 13-81-107

    viii.  Definition of Disabled Person: 13-81-101(3)

     ix.  ***Discrimination of types of assistance provided***

**aa)** Was Shannon Perry excluded from ADA accommodation and/or communication with
management and/or maintenance emergency for lack of payment towards rent, a
perfected transaction, and/or certified funds, while equitably tolling Social Security
Administrative Law Judge Hearing?

    ***a.*** Yes

    ***b.*** How was Shannon Perry excluded from ADA accommodation and/or
communication with management at Encore at boulevard one LLC.
Management and/or maintenance emergency and/or app portals?

         i.  ***Shannon Perry States for the Record:***

        ii.  These features were not permitted if rent is unsatisfied: app, resident
portal

       iii.  Was Shannon able to email Ricci and Jessica.

            **1.** Yes, Shannon has email with Ricci and Jessica.

       iv.  ***Shannon States for the record*** the exclusions applicable to the case
are – ADA accommodation, Apps, and Resident Portal

**bb)** Did Shannon Perry print and sign a ADA accommodation written request to
accommodate a shower pull up bar and electrical kill switch?

    ***a.*** Yes.

**cc)** ***Shannon Perry States for the record***: Shannon Perry has been a victim of disabling
conditions since 2019 after two police officers of Westminster assaulted Shannon
Perry and caused physical and mental suffering; Traumatic Brain Injury, Spinal Injury,
PTSD- created life threatening living circumstances managing health and has a Life
Alert – for seizures, paralysis, coma-like unconsciousness, chronic pain and suffering,
and heart sometimes stops from the physical and mental trauma.  So being
threatened with an eviction or unlawful detainer while equitably tolling the Social
Security Administrative Judge Hearing process makes Shannon Perry Tenant feel
terrified, and depressed as I struggle waiting on benefits and federal level resources
to provide the necessity of life to satisfy rent, and basic needs of day-to-day
maintenances, including doctor, transportation, religious attendance and
pharmaceutical needs.  The Encore at Blvd. One LLC. Provides safe shelter for a
disabled person with PTSD with the scan key entry, and security staff.  Shannon
Perry traumatic brain injury, spine injury and PTSD and trauma responses are not
limited to living in fear of danger and death.  Shannon Perry has to manage these
medical conditions with the limits to Medicaid and access to doctors timely.
Shannon Perry has a ILST case worker who was introduced. Shannon Perry is allotted
up to 20 hours a week from the organization Andreas Angels.  When medication

Shannon Perry
8/15/2023 2:25:18 PM
Self-Attest Form "**(10) Presumptions under legislative Act**" *Rule 902*
- *Self-Authentication*, Colo. R. Evid. 902: prima facie genuine or/and authentic

ceases to help the damage to the brain, or the neurological degeneration that causes the memory lapse, loss, slurred or broken speech, seizures in sleep, any and all existing suffering of the day-to-day management of the existing disability.

**dd)** Shannon Perry Stated: going back and forth on wanting payment and/or possession between the conspiring with Rent and Utility assistant organizations by excluding a disabled person from perfecting transactions securely, in coordination with equitable tolling to oblige a tenant-landlord agreement, is an undue hardship and an extremely unreasonable undue burden.

*a.* The scope of damages includes excluding a disabled person, under ADA title II, for the lack of social workers coordinating effectively on, of, or on behalf of.

*b.* Title V – a person with a disability is not required to accept aide, especially if there is fraud.

*c.* Undue Hardship and Undue Burden equivalent to not being in possession of unit/apt until Social Security Administration and/or Landlord can arrange back payment of rent in tolling for SSI and SSDI award.

*d.* Subsequent to the exclusion of communication, Shannon Perry **asserts to not waive** any equal protections under the law, any or all Civil Rights and Liberties, equal Protections, Shannon Perry exercises testimony to the full potential and protections of the Law, to prevent eviction, loss of possession of 7108 E. Lowry Blvd. Apt. 1183 Denver Co. Address 80230.

**ee)** Was Shannon Perry's disability discriminated against what type of assistance is received.

*a.* Shannon Perry States for the record: Yes. Shannon was discriminated against the type of assistance provided, is received and how the assistance was received, legally and illegally.

*i.* Legal Assistance Program – Adult, Disabled and Needy is not Colorado Works Program. Shannon Perry was told by CDHS Shannon doesn't qualify but didn't inform or properly disclose what type of program was qualifying for. Disqualifications were discriminating that Shannon is an Adult Disabled and Needy recipient equitably tolling a Social Security Administrative Law Judge Hearing, and not a Colorado Works Assistance Recipient in order to receive a State Grant for Medical Emergency Rent and Utility assistance.

*ii.* Illegally administered conflicting programs – DHS/CDHS Medical Emergency Rental Assistance for only Colorado Works applicants, and not considering the Adult Disabled and Needy, and The Resident Relief Foundation.