**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:23-cv-02188-SBP**

**SHANNON PERRY,**

    **PLAINTIFF,**

**V.**

**ENCORE AT BLVD ONE LLC**

    **DEFENDANT,**

## MOTION TO WAIVE APPEAL BOND

On 08/29/2023, Plaintiff Ask the court through a First Motion to Appoint Pro Bono Council. On 9/02/2023 Plaintiff Clarified the request by adding: Plaintiff states, invokes, and defends every right to appointment of council by court provided representation: CRS 13-81-101.5

*Supreme court will not consider unintelligible petitions and motions which have no legal significance and which do not meet the requirements of established procedures in appellate practice, in view of the right of an indigent defendant to have counsel appointed to prosecute an appeal. In re Petition of Griffin, 152 Colo. 347, 382 P.2d 202 (1963)*

*09/12/2023* Plaintiff asks Magistrate Judge Susan Prose in an order of the court to appoint Pro Bono Council, and to waive a 5000$ Appeal Bond set by Judge Blackett in case 23C62826 Civil Division Courtroom 170 County Court, Denver County, Colorado 1437 Bannock Street, Room 135 Denver Co 80202, 720-865-7840. For in forma pauperis Plaintiff was approved to file in both court of record, County Civil, and US District of Colorado.

*Rule 12 - Docketing the Proceeding and Fees; Proceedings in Forma Pauperis*, Colo. R. App. P. 12 ("(1)")

*Rule 411 - Appeals, Colo. R. Civ. P. 411 ("The provisions of this section requiring the filing of an appeal bond for costs are not applicable to indigent plaintiffs. Bell v. Simpson, 918 P.2d 1123 (Colo. 1996). A county court party found to be indigent and allowed to proceed in*

*forma pauperis is not required to post a judgment bond before appealing to district court.
O'Donnell v. State Farm Mut. Auto. Ins. Co., 186 P.3d 46 (Colo. 2008). However, as with
appeals from the district court to the court of appeals, the prevailing party in the county court
would be able to execute the judgment while the appeal is still pending because the judgment
would not have been stayed by a judgment bond. O'Donnell v. State Farm Mut. Auto. Ins. Co.,
186 P.3d 46 (Colo. 2008). Time for docketing appeals. Subsection (1)(b) of § 13-6-311 , relating
to appeals from county court, and section (a)(1) of this rule clearly provide that the docketing
must take place no later than the time allowed for completing and lodging the record.
Tumbarello v. Superior Court, 195 Colo. 83, 575 P.2d 431 (1978). Applied in Bachman v.
County Court, 43 Colo. App. 175, 602 P.2d 899 (1979).")*

x _____

*Plaintiff Signature*

x Shannon Perry

*Plaintiff Print*

DATE  9.12.2023