IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02188-SBP

SHANNON PERRY,

    Plaintiff,

v.

ENCORE AT BLVD. ONE LLC,
MARK T. SCHETTER,
JESSICA BRANDL,
RICCI DONATI,

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT

---

In response to the Court's September 27, 2023 Order Directing Plaintiff to File Second Amended Complaint (ECF No. 36), Ms. Perry submitted a Second Amended Complaint on October 11, 2023 (ECF No. 43). The Court must construe the Second Amended Complaint liberally because Ms. Perry is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons explained below, Ms. Perry will be ordered to file a third and final amended complaint on the Court's form if she wishes to pursue her claims in this action.

**I. The Second Amended Complaint**

Ms. Perry asserts jurisdiction under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, et seq., the Americans with Disabilities Act ("ADA"), the Violence Against

Women Act ("VAWA"), and the Fifth and Fourteenth Amendments of the Constitution, and raises one claim titled "illegally eviction of a legally determined disabled Person." (ECF No. 43 at 3, 7).

The Court has carefully reviewed the allegations in the Second Amended Complaint. As best the Court can discern, Ms. Perry alleges she is disabled and handicapped because she has a Traumatic Brain Injury, Spinal Cord Injury, PTSD, and Heart Failure, and that Defendants have been informed of her "disability through documentation numerous times . . . since January of 2023." (*Id.* at 7-10). She further alleges that she received "medical emergency rental and utility assistance" in February, March, April, May, and June of 2023. (*Id.* at 9). According to Ms. Perry, although she "is disabled and does receive Assistance from State Department of Human Services, Rocky Mountain Human Services," Defendant Brandl "attested that 'she does not receive Assistance" on the "Statutory Mediation Advisement Form provided courtesy of Tschetter Schultzer to Encore at Blvd One LLC." (*Id.* at 7). Ms. Perry asserts that her rights to "mediation pre-eviction" were waived because "the defendants discriminated against Plaintiff's disability, by excluding Plaintiff from participating [in] the communication process of the signing of the Mediation Advisement." (*Id.* at 7-10). Ms. Perry further alleges that on September 19, 2023, Defendants Brandl and Donati wrongfully entered her apartment to remove all her personal property and evict her from the premises. (*Id.* at 9). Ms. Perry also includes references to Denver County Case Number 23C62826, a Forcible Entry and Detainer ("FED") case in which the judge granted Defendants a "writ of restitution by hearing." (*Id.* at 10-11). Ms. Perry further

alleges that she requested "reasonable modifications" regarding the oven switch and grab bars. (*Id.* at 11). Throughout the pleading, Ms. Perry references numerous documents she has submitted to the Court to substantiate her claims. (*Id. a*t 7-13).

Based on these allegations, Ms. Perry asserts that Defendants have violated her rights under the FHA, ADA, VAWA, and Fourteenth Amendment, and that Defendant Brandl has violated Plaintiff's Fifth Amendment rights and committed perjury. (*Id.* at 13). Ms. Perry's request for relief spans fourteen pages. (*Id.* at 15-29).

II. Analysis

The Second Amended Complaint remains deficient because Ms. Perry continues to fail to provide a clear and concise statement of her claims demonstrating she is entitled to relief as required under Rule 8 of the Federal Rules of Civil Procedure. She does not clearly identify her specific claims for relief. And rather than provide concise factual allegations to support her claims, she refers to numerous documents as evidence. This approach does not comply with federal pleading standards.

"The court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Neither the Court nor Defendants are required to guess to determine what claims are being asserted and what specific factual allegations support those claims. It is not the Court's responsibility to sift through numerous attachments to determine what claims are being asserted, and Ms. Perry is not required to provide evidence in support of her claims in a pleading.

Thus, in the third amended complaint, Ms. Perry should not rely on attachments

or documents to support her claims for relief. Rather, Ms. Perry should clearly identify the specific claims she intends to assert and concisely set forth factual allegations that are relevant to each specific claim for relief.

### A. FHA claim

As noted above, Ms. Perry asserts jurisdiction for her claims under the FHA. However, she does not identify what type of FHA claim she seeks to pursue. And rather than provide clear and concise facts in support of her claims, Ms. Perry primarily refers to numerous documents she has submitted to the Court.[1]

In the third amended complaint, Ms. Perry must provide a plain statement of her FHA claims by identifying what type of FHA claim she is asserting and including specific factual allegations that support that claim. Based on the allegations in the housing discrimination complaint, it appears that Ms. Perry may be attempting to assert several claims under the FHA for discrimination based on disability.

The FHA prohibits discrimination against any person in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services of facilities in connection with such dwelling, because of the renter's race, color, religion, sex, familial status, national origin, or handicap. *See* 42 U.S.C. § 33604(a), (b), and (f). A plaintiff

---

[1] The Court notes that one of these documents is the housing discrimination complaint Ms. Perry apparently filed against Defendants on October 27, 2023, with the Colorado Department of Regulatory Agencies ("DORA"). (*See* ECF No. 52-1). Ms. Perry is advised that the FHA provides a dual enforcement scheme –i.e., an aggrieved person may file an administrative complaint or bring a personal civil action in an appropriate court. *See* 42 U.S.C. §S 3610(a)(1), 3613(a)(1)(A), 3613(c)(1). Thus, Ms. Perry may commence a civil action in a federal district, even though an administrative complaint is pending, as long as an administrative law judge has not "commenced a hearing on the record" regarding the complaint. 42 U.S.C. § 3613(a)(3).

alleging discrimination under the FHA may bring three general types of claims: (1) intentional discrimination claims (disparate treatment claims); (2) disparate impact claims; and (3) claims alleging a defendant refused to make reasonable accommodations for his or her handicap. *See Reinhart v. Lincoln Cnty.,* 482 F.3d 1225, 1229 (10th Cir. 2008). If Ms. Perry intends to assert a discrimination claim based on disparate treatment, she must allege, simply and concisely, specific facts in the body of the pleading demonstrating

> (1) that she is a member of a protected class;
>
> (2) that she was denied a rental relationship or otherwise treated differently in the terms, conditions, or privileges of her rental relationship or in the provision of services or facilities to her as a tenant; and
>
> (3) that the different treatment was, at least in part, because of her [protected status].

*Reinhart,* 482 F.3d at 128-29. If Ms. Perry intends to assert a failure to accommodate claim, she must allege

> (1) that she is handicapped as defined by the FHA;
>
> (2) that each named defendant knew or reasonably should have known of the claimed handicap;
>
> (3) that accommodation of the handicap was necessary to afford her an equal opportunity to use and enjoy the dwelling;
>
> (4) that the accommodation is reasonable; and
>
> (5) that each named defendant refused to make such accommodation.

*See Arnal v. Aspen View Condo. Ass'n, Inc.,* 226 F. Supp.3d 1177, 1183 (D. Colo. 2016) (internal citation omitted).

Finally, if Ms. Perry intends to assert a retaliation claim under § 3617, she must allege

    (1) that plaintiff is a member of a protected class under the FHA;

    (2) that plaintiff exercised or enjoyed a right protected by Sections 3603 through 3606, or aided or encouraged others in exercising or enjoying such rights;

    (3) that intentional discrimination at least partially motivated defendants' conduct; and

    (4) that defendants' conduct constituted coercion, intimidation, threat, or interference on account of having exercised, or aided or encouraged others in exercising, a right protected under Sections 3603 through 3606.

*Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp.2d 1210, 1233 (D. Kan. 2001).

### B. *Rooker-Feldman* Doctrine

Ms. Perry also is advised that to the extent she is asking this Court to review and reverse a final state court judgment in the Forcible Entry and Detainer case in Denver County, the Court may not do so because the *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over "cases brought by state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It "prohibits a lower federal court both from considering claims actually decided by a state court, and

claims inextricably intertwined with a prior state-court judgment." *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006) (brackets and internal quotation marks omitted). A federal claim is inextricably intertwined with the state court's denial of the plaintiff's state court claims if the district court "is in essence being called upon to review the state court decision." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983).

### C. Constitutional Claims

Finally, Ms. Perry is advised that she cannot show an entitlement to relief under 42 U.S.C. § 1983 for alleged violations of her constitutional rights unless the "alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Defendant Encore at Blvd One, LLC is a private entity and Defendants Donati, Brandl, and Tschetter are private actors. "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). To satisfy the under-color-of-state-law element, Ms. Perry must show that she was deprived of a federal right through conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id. See also Johnson v. Rodrigues*, 293 F.3d 1196, 1203 (10th Cir. 2002) ("in order to establish state action, a plaintiff must demonstrate that the alleged deprivation of constitutional rights was 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.'"). Ms. Perry's allegations against the named Defendants do not show that they acted "under-color-of-state-law."

For these reasons, Ms. Perry must file a third amended complaint that complies with the directives above. Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Therefore, Ms. Perry is directed to file her third amended complaint on the court-approved Complaint form.

Plaintiff is informed that she may choose to contact the Federal Pro Se Clinic at (303) 380-8786 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. Accordingly, it is

ORDERED that Ms. Perry file, **within thirty (30) days from the date of this order**, a third amended complaint as directed in this order. It is

FURTHER ORDERED that Ms. Perry shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Ms. Perry fails to file an amended complaint that complies with this order within the time allowed, the action may be dismissed in whole or in part without further notice.

#

DATED November 6, 2023, at Denver, Colorado.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge